IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| INVICTUS LEGACY GROUP, LLC, *et al*., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. Act. No.: 3:19-cv-313-ECM |
| ENVIRONMENTAL & RECYCLING SOLUTIONS, INC., *et al*., | ) ) ) | (wo) |
| Defendants. | ) ) ) | |
| ENVIRONMENTAL & RECYCLING SOLUTIONS, INC., *et al*., | ) ) ) | |
| Counterclaimants, | ) ) | |
| v. | ) ) | |
| INVICTUS LEGACY GROUP, LLC, *et al.*, | ) ) ) | |
| Counterclaim Defendants. | ) ) | |
| ENVIRONMENTAL & RECYCLING SOLUTIONS, INC., *et al*., | ) ) ) | |
| Third-party Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| ALEX SELLERS, | ) ) ) | |
| Third-party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on motions filed by Environmental & Recycling Solutions, Inc. (ERS) and Alabama Treatment and Energy Company, Inc. (ATEC), including a motion to exclude expert testimony (doc. 96);[1] a motion for summary judgment (doc. 111), and a motion for default judgment (doc. 148).

Invictus Legacy Group, LLC and Invictus Energy, Inc. (together "Invictus") originally filed a complaint and an amended complaint in this case bringing claims against ERS, ATEC, and other entities.  ERS and ATEC filed counterclaims against Invictus. (Doc. 43).  ERS and ATEC also filed amendments to their counterclaims and brought third-party claims against Alex Sellers ("Sellers"). (Doc. 71).

Upon review of the record and applicable law, and for reasons to be discussed, the motion for default judgment is due to be GRANTED on the breach of contract counterclaims against Invictus and the motion for summary judgment is due to be DENIED as moot.

## I.      JURISDICTION

The Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the members of Invictus Legacy Group, LLC are citizens of Georgia;  Invictus Energy, Inc. is incorporated and has its principal place of business in Georgia; ERS and ATEC are

---

[1] ERS and ATEC object to Plaintiffs' "Disclosure of Witnesses Who May Render Expert Opinions." (Doc. 96).  In considering the motions which remain in this case, the Court has not been presented with testimony by anyone purporting to be an expert retained by the Plaintiffs, therefore, the motion is due to be DENIED as moot.

incorporated in and have their principal place of business in Alabama; and the requisite amount is in controversy.  There is no dispute as to venue or personal jurisdiction.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment.  When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED. R. CIV. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "only an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)(citation omitted); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

Pursuant to Rule 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  If the record is sufficient, a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits

3

establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award  it enters." *Anheuser Busch, Inc. v. Philpot*, 17 F.3d 1264, 1266 (11th Cir. 2007).

### III.    FACTS AND PROCEDURAL HISTORY

Invictus was the owner of real property in Ft. Mitchell, Alabama.  The property contained several storage tanks which held wastewater.  Sellers, an agent of Invictus, also developed a waste-to-energy, carbon conversion system called the Carbon Corsair 10 TPD System ("the System").  The System was designed to evaporate wastewater and to produce synthetic crude oil.

In August 2014, ERS agreed to invest in the Ft. Mitchell property wastewater treatment facility ("the Facility") and to purchase a unit of the System.  The counterclaims allege that Sellers represented that the System would be delivered in 6-9 months. (Doc. 43 para. 6).  ERS and ATEC allege in their counterclaims that they entered into an agreement on October 29, 2014, to purchase a System, but that Invictus never delivered a fully functional System. (Doc. 43 para. 13 & doc. 71 para. 14, 22).  ERS and ATEC also allege that they executed a lease-to-own agreement for the Facility on February 5, 2015, which provided that they were entering the lease to operate a wastewater treatment facility and the System, but the System was never delivered. (Doc. 43 & 71).  The counterclaims further allege that in February of 2015, ATEC entered into a Services Agreement with Invictus to reduce the amount of travel for Sellers to receive wastewater shipments. (Doc. 43 para. 15).  In August of 2016, the System still had not been delivered, and Sellers represented

4

that he needed a loan to bridge the gap before a bank loan closed.  ERS loaned Invictus $40,000, which was never repaid. (*Id.* para. 23).  Later, ERS made an additional loan for payroll. (*Id.* para. 24).  ERS and ATEC allege that they loaned Invictus money that was never repaid, and attach exhibits to substantiate that those loans were made. (Doc. 71-8; 71-9).  The counterclaims allege that ERS and ATEC performed all their obligations under the agreements, including the payment of funds, and that the counterclaimants did not perform their duties and obligations. (Doc. 43 para. 38-9).

On April 16, 2021, all counsel for Invictus filed a motion to withdraw from representation. (Doc. 130).  Because the Invictus companies could not represent themselves, the Court refrained from ruling on the motion to withdraw at that time, and ordered Invictus to obtain new counsel by a certain date. (Doc. 133).[2]

On April 23, 2021, Invictus filed a motion to dismiss all the claims against ERS and ATEC with prejudice. (Doc. 135).  That motion was granted and the case proceeded only on the ERS and ATEC counterclaims and third-party claims. (Doc. 141).

On June 1, 2021, the Court granted the motion of Invictus' counsel to withdraw and gave Invictus additional time in which to find substitute counsel. (Doc. 143).  At that time, the Court warned Invictus that a failure to obtain substitute counsel could result in an entry of default. (*Id.* at 3).  No new counsel has filed a notice of appearance as of the date of this Memorandum Opinion and Order.

─────────────────────

[2] *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that courts have recognized that corporations, partnerships, or associations cannot appear in federal court otherwise than through a licensed attorney).

On May 7, 2021, Sellers filed a notice of bankruptcy, and the third-party claims against Sellers were stayed. (Doc. 140).

On July 2, 2021, ERS and ATEC filed an application to the Clerk for entry of default. (Doc. 145). On July 8, 2021, the Clerk entered default against Invictus. (Doc. 146).

In connection with their motion for default judgment, ERS and ATEC have provided the Court with a Declaration from David Chunn ("Chunn"), ERS's and ATEC's Secretary and Treasurer. (Doc. 148-1). In his Declaration, Chunn states that ERS and ATEC have sustained a total loss of $929,478.50. (*Id.*). This amount is comprised of $100,000 in initial payments on the 2014 agreement; $201,073.23 in payments for the System which was never delivered; $279,000 in rent at the Facility; $50,500 in loans to Invictus; and $298,905.27 in rent for tanks. Chunn also provides invoices and other documents in support of his declaration. (*Id.*).

The Court ordered that Invictus show cause why the motion for default judgment should not be granted. (Doc. 149). No response to the show-cause order was received. The Court's Uniform Scheduling Order, entered on June 4, 2020, provides that "the failure to file a response to any motion — either dispositive or non-dispositive — within the time allowed by the Court shall indicate that there is no opposition to the motion." (Doc. 94).

Sellers was discharged in bankruptcy on August 19, 2021 (Case No. 21-53622-irc, doc. 18), but the case was not closed until March 10, 2022. (Doc. 151 at 8).

On April 4, 2022, ERS and ATEC filed a Status Report and attached a copy of the Order closing the bankruptcy case against Sellers. In the Status Report, ERS and ATEC renew their demand for default judgment against Invictus, but do not address their claims

against Sellers, apparently conceding that those are due to be dismissed because Sellers was discharged in bankruptcy. (*Id.* at 5).

Although called upon by the Court for a response on at least two occasions (doc. 149 & 150), Invictus has not participated in this case since April 30, 2021, when it responded to this Court's Order regarding the status of the case after dismissal with prejudice of Invictus' claims. (Doc. 139).

## IV.   DISCUSSION

In the Eleventh Circuit there is a "strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). In the Eleventh Circuit, a failure to participate in a case, despite a court ordering participation and explicitly warning a party that failure could result in an entry of a default judgment, can be a basis for a default judgment. *See Giovanno v. Fabec*, 804 F.3d 1361, 1365 (11th Cir. 2015). Where, as here, a corporate party has failed to obtain substitute counsel by the Court's deadline, despite having been given two opportunities to do so, and despite having been warned that failure may result in an entry of a default judgment, its "cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as required by these rules.'" *SunSouth Cap., Inc. v. Harding*

7

*Enterprises, LLC*, 2017 WL 4563867, at *1 (M.D. Ala. 2017).  Accordingly, based upon Invictus' willful disregard of the Court's Orders directing it to retain counsel, the Court will treat the well-pleaded allegations in the counterclaims, as amended, as true and admitted by Invictus. (Doc. 43 & 71).

A breach of contract claim requires a showing of (1) the existence of a valid contract binding the parties in the action, (2) performance under the contract, (3) the defendant's non-performance, and (4) damages. *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999).

As set forth above, ERS and ATEC allege in their counterclaims, as amended, that they entered into an agreement to purchase the System, but that Invictus never delivered a fully functional System.  ERS and ATEC further allege that the failure to deliver a fully functional System violated their February 5, 2015 lease-to-own agreement for the Facility. ERS and ATEC also allege that they loaned Invictus money that was never repaid, and attach exhibits to substantiate that those loans were made. (Doc. 71-8; 71-9).  The counterclaims allege that ERS and ATEC performed all their obligations under these agreements, including the payment of funds.  These allegations, admitted as true by virtue of Invictus's default, establish the elements of liability for breach of contract.

On the issue of damages for breach of contract, "all essential evidence is already on record," and, therefore, a hearing is not required. *See Sec. Exch. Comm'n*, 420 F.3d at 1231–32 & n.13; FED. R. CIV. P. 55(b)(2).  Having considered the counterclaimants' evidentiary submissions, including the attachments to Chunn's Declaration, the Court finds that ERS and ATEC established that they are entitled to recover $929,478.50 from Invictus for its

breach of the identified agreements.  The counterclaims, therefore, provide a sufficient basis to support a finding that Invictus is liable to the counterclaim plaintiffs in the amount sought for breach of contract.[3]

In addition, because default judgment is due on the contract counterclaims against Invictus, and the third-party claims against Sellers were discharged in bankruptcy, the motion for summary judgment is due to be DENIED as moot.[4]

## V.     CONCLUSION

For the reasons discussed above, it is ORDERED that

1.  The motion to exclude expert testimony (doc. 96) is DENIED as moot.

2.  The third-party claims against Sellers were discharged in bankruptcy and are DISMISSED.

3.  The motion for default judgment (doc. 148) as to the contract counterclaims against Invictus is GRANTED and default judgment is entered against Invictus Legacy Group, LLC and Invictus Energy, Inc. in the amount of $929,478.50, for which execution shall issue.

4.  The motion for default judgment as to the fraud counterclaim against Invictus is DENIED.

5.  The motion for summary judgment (doc. 111) is DENIED as moot.

6.  A final judgment will be entered in accordance with the Court's Orders.

---

[3] ERS and ATEC brought a fraud counterclaim against Invictus, but do not seek, or provide an evidentiary basis for an award of, any damages for that claim in their motion for default judgment. Default judgment is, therefore, due to be denied as to this claim.

[4] In their status report, ERS and ATEC do not request that the Court rule on the summary judgment motion, but only seek relief in the form of a default judgment. (Doc. 151).

DONE this 12th day of April, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE